UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ORHAN YOLAGELE,

               Petitioner,

    v.

BRUCE SCOTT; LAURA
HERMOSILLO; TODD LYONS;
KRISTI NOEM; and PAMELA
BONDI,

               Respondents.

C26-0663 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1, and a motion for preliminary injunctive relief, docket no. 2, which the Court previously indicated would be considered together with the habeas petition because it did not allege imminent removal from the United States. _See_ Minute Order (docket no. 6). Having now reviewed all papers filed in support of, and in opposition to, the habeas petition, the Court enters the following Order.

**Background**

Petitioner Orhan Yolagele is a citizen of the Republic of Türkiye, who entered the United States in March 2023 without being inspected or admitted. _See_ Pet. at ¶¶ 1 & 16 (docket no. 1); Andron Decl. at ¶ 3 (docket no. 9). After being detained in two or three

ORDER - 1

different California facilities, petitioner was released on April 19, 2023, pursuant to an Order of Release on Recognizance ("OREC").  Andron Decl. at ¶¶ 3–6 (docket no. 9); Ex. 5 to Van Daley Decl. (docket no. 10-5).  On January 19, 2026, while arriving at or leaving the Immigration Court[1] in Newark, New Jersey, petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE") agents without any prior written notice or pre-deprivation hearing.  See Ex. 6 to Van Daley Decl. (docket no. 10-6).  Although a U.S. Department of Homeland Security ("DHS") Deportation Officer stated in a related report (Form I-831) that petitioner was arrested for "failure to report to ERO [Enforcement and Removal Operations] Newark's Non-Detained Unit," see id., respondents now concede that absolutely no evidence supports the allegation that petitioner had failed to report as directed.  See Andron Decl. at ¶ 9 (docket no. 9).  Indeed, the location at which petitioner was re-detained, i.e., either going to or coming from an immigration hearing, completely belies the assertions by DHS and/or ICE that petitioner was not in compliance with the conditions of his OREC.

On February 3, 2026, petitioner was transferred to the Northwest ICE Processing Center ("NWIPC"), see Andron Decl. at ¶ 10 (docket no. 9), and on March 9, 2026, he attended an immigration hearing during which his long-pending applications for asylum, withholding of removal under Immigration and Nationality Act ("INA") § 241(b)(3), and

---

[1] Petitioner was arrested at or near the 11th floor of 970 Broad Street in Newark, New Jersey.  See Ex. 6 to Van Daley Decl.  The Newark Immigration Court is located at 970 Broad Street in Room 1200, which is presumably on the 12th floor of the building.  See https://www.justice.gov/eoir/newark-immigration-court.

ORDER - 2

withholding of removal under the Convention Against Torture were denied, *see* Ex. 8 to Van Daley Decl. (docket no. 10-8).  Petitioner has been ordered removed to the Republic of Türkiye, *see id.*, but such removal order is not final; petitioner has until April 8, 2026, to seek review by the Board of Immigration Appeals, *see* Andron Decl. at ¶ 11 (docket no. 9), and, if necessary, he may also petition for relief from the United States Court of Appeals for the Ninth Circuit.  In the meanwhile, he requests release from the NWIPC pursuant to either a writ of habeas corpus, a temporary restraining order, or a preliminary injunction.

**Discussion**

Respondents do not challenge the Court's jurisdiction, and the Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  The manner in which a non-citizen is re-detained must comport with due process as analyzed pursuant to the three-part standard set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See G.S. v. Hermosillo*, No. C25-2704 TSZ, 2026 WL 179962, at \*2 (W.D. Wash. Jan. 22, 2026).  All three *Mathews* factors weigh in petitioner's favor:  (i) he has a protected liberty interest in not remaining in custody at NWIPC, (ii) the absence of pre-deprivation procedures created an unacceptably high risk of erroneous deprivation, and (iii) the governmental interest in petitioner's re-detention without a hearing is minimal or non-existent.  *See id.* at \*3; *P.T. v. Hermosillo*, No. C25-2249, 2025 WL 3294988, at \*2–4 (W.D. Wash. Nov. 26, 2025); *see also Yildirim v. Hermosillo*, No. C25-2696, 2026 WL 111358, at \*4 (W.D. Wash. Jan. 15, 2026) (noting that any factual disputes related to

ORDER - 3

the justification for the petitioner's re-detention should have been resolved at a pre-deprivation hearing, not after-the-fact during habeas proceedings).

Respondents do not assert that petitioner failed to remain in required contact with ICE or ERO, that he committed a criminal offense, that he is a flight risk or a danger to the community, or that any exigent reason existed for re-detaining petitioner without affording him due process. Rather, they argue that petitioner is subject to mandatory detention pursuant to INA § 235(b)(2), codified as 8 U.S.C. § 1225(b)(2), but they also acknowledge that such contention has been rejected. *See* Return at 6–8 (docket no. 8) (citing *Mena Torres v. Wamsley*, 807 F. Supp. 3d 1266 (W.D. Wash. 2025), and *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), *appeal filed*, No. 25-6842 (9th Cir. Oct. 28, 2025)); *see also* *Bautista v. Santacruz*, --- F. Supp. 3d ---, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026) (vacating *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)), *appeal filed*, No. 26-1044 (9th Cir. Feb. 23, 2026). At a minimum, petitioner was entitled to, but has not been provided, an expeditious bond hearing, *see*, *e.g.*, *Del Valle Castillo v. Wamsley*, No. 25-cv-2054, 2025 WL 3524932 (W.D. Wash. Nov. 26, 2025), and the Court concludes that the proper remedy for the due process violation in this matter is petitioner's immediate release.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The petition for a writ of habeas corpus, docket no. 1, is GRANTED, and respondents shall immediately RELEASE petitioner Orhan Yolagele from custody at the NWIPC;

ORDER - 4

(2)    Within twenty-four (24) hours of the entry of this Order, respondents shall file a declaration confirming that petitioner has been released from custody;

(3)    Respondents shall not re-detain petitioner without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker;

(4)    Respondents may reinstate, if necessary, the OREC issued in April 2023, with the same conditions previously imposed, and petitioner shall comply with those conditions unless they are amended after providing petitioner at least thirty (30) days' advance written notice and an opportunity to be heard;

(5)    Petitioner's motion for preliminary injunctive relief, docket no. 2, is STRICKEN as moot; and

(6)    The Clerk is directed to enter judgment consistent with this Order after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 17th day of March, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 5